# Supreme Court of Florida

_____

No. SC21-722

_____

**IN RE: AMENDMENTS TO RULE REGULATING THE FLORIDA BAR 1-3.10 AND FLORIDA RULE OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.510.**

December 9, 2021

PER CURIAM.

The Florida Bar (Bar) and the Florida Rules of General Practice and Judicial Administration Committee (Committee) jointly petition the Court to amend the Rules Regulating the Florida Bar (Bar Rules) and the Florida Rules of General Practice and Judicial Administration. We have jurisdiction. Art. V, §§ 2(a), 15, Fla. Const.

## BACKGROUND

The Bar and Committee propose amending Bar Rule 1-3.10 (Appearance by Non-Florida Lawyer in a Florida Court) and Rule of General Practice and Judicial Administration 2.510 (Foreign Attorneys). The two rules both contain the requirements for pro

hac vice admission in Florida. The proposed amendments address repetitiveness between the two rules, ensure consistency between them, and alter the fee structure for pro hac vice admission by establishing an annual renewal fee in addition to the existing application fee—with the amount for both fees to be set by the executive director of the Bar.

The Board of Governors of The Florida Bar voted unanimously to approve the proposed amendments to Bar Rule 1-3.10, and the Committee voted unanimously to approve the proposed amendments to rule 2.510. Formal notice of intent to file the instant petition was published in *The Florida Bar News*. Interested parties were directed to file their comments with the Court. No comments were received.

Having considered the joint petition and proposed amendments, we adopt the amendments to Bar Rule 1-3.10 and rule 2.510 as proposed by the Bar and Committee with the modification described below.

## AMENDMENTS

The requirements for pro hac vice admission are deleted throughout Bar Rule 1-3.10. New language requiring persons applying for pro hac vice admission to comply with the Rules of General Practice and Judicial Administration is added to subdivisions (a) (Non-Florida Lawyer Appearing in a Florida Court), (b) (Lawyer Prohibited from Appearing), and (c) (Content of Verified Motion for Leave to Appear) of Bar Rule 1-3.10. New subdivision (d) (Nonrefundable Fee) is added to Bar Rule 1-3.10. The new subdivision establishes an annual renewal fee alongside the currently existing application fee, with the amount for both fees to be set by the executive director of the Bar. We modify the proposed language of the new subdivision by adding a provision requiring the Bar to provide 30 days' notice to the Florida Supreme Court prior to the effectiveness of any fee to be imposed or increased.

Rule 2.510 is amended to reflect the changes in the application fee for pro hac vice admission set out in new subdivision (d) of Bar Rule 1-3.10. References to the $250.00 application fee are deleted throughout rule 2.510, and language is added

referencing the fee requirement in new subdivision (d) of Bar Rule 1-3.10.

Accordingly, the Rules Regulating the Florida Bar and the Florida Rules of General Practice and Judicial Administration are hereby amended as reflected in the appendix to this petition. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective February 7, 2022, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules Regulating the Florida Bar and Florida Rules of General Practice and Judicial Administration

Joshua E. Doyle, Executive Director, Michael G. Tanner, President, Gary S. Lesser, President-elect, and Elizabeth Clark Tarbert, Ethics Counsel, The Florida Bar, Tallahassee, Florida; and Stanford R. Solomon, Chair, Florida Rules of General Practice and Judicial Administration Committee, Tampa, Florida, and Michael Jeffrey Korn, Past Chair, Florida Rules of General Practice and Judicial Administration Committee, Jacksonville, Florida, and Krys Godwin, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioners

# Appendix

## RULES REGULATING THE FLORIDA BAR

## CHAPTER 1 GENERALLY

## 1-3 MEMBERSHIP

## RULE 1-3.10 APPEARANCE BY NON-FLORIDA LAWYER IN A FLORIDA COURT

**(a) Non-Florida Lawyer Appearing in a Florida Court.** A practicing lawyer of another state, in good standing and currently eligible to practice, may, upon association of a member of The Florida Bar and verified motion, be permitted to practice upon such conditions as the court deems appropriate under the circumstances of the caseas allowed by. Such lawyer shall comply with the applicable portions of this rule and the Florida Rules of General Practice and Judicial Administration regarding foreign attorneys. That lawyer must also comply with this rule.

(1) *Application of Rules Regulating The Florida Bar.* Lawyers permitted to appear by this rule shall beare subject to these Rules Regulating The Florida Bar while engaged in the permitted representation.

(2) *General Practice Prohibited.* Non-Florida lawyers shallare not be permitted to engage in a general practice before Florida courts. For purposes of this rule, more than 3 appearances within a 365-day period in separate representations shall beis presumed to be a "general practice."

(3) *Effect of Professional Discipline or Contempt.* Non-Florida lawyers who have been disciplined or held in contempt by reason offor misconduct committed while engaged in representation that is permitted by this rule shall thereafterwill afterwards be denied admission under this rule and the applicable provisions of the Florida Rules of General Practice and Judicial Administration.

**(b)  Lawyer Prohibited From Appearing.**  No lawyer is authorized to appear ~~pursuant to~~under this rule or the ~~applicable portions of the~~ Florida Rules of General Practice and Judicial Administration regarding foreign attorneys if the lawyer~~:~~

~~(1)  is disbarred or suspended from practice in any jurisdiction;~~

~~(2)  is a Florida resident, unless the attorney has an application pending for admission to The Florida Bar and has not previously been denied admission to The Florida Bar;~~

~~(3)  is a member of The Florida Bar but ineligible to practice law;~~

~~(4)  has previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation permitted pursuant to this rule;~~

~~(5)  has failed to provide notice to The Florida Bar or pay the filing fee as required by this rule; or~~

~~(6)  is engaged in a "general practice" as defined elsewhere in this rule~~

is prohibited by or fails to comply with any requirement imposed by the Florida Rules of General Practice and Judicial Administration regarding foreign attorneys.

**(c)  Content of Verified Motion for Leave to Appear.**  Any ~~verified~~ motion filed under ~~this rule or the applicable provisions of~~ the Florida Rules of General Practice and Judicial Administration relating to foreign attorneys~~shall include:~~

~~(1) a statement identifying all jurisdictions in which the lawyer is currently eligible to practice law;~~

~~(2) a statement identifying by date, case name, and case number all other matters in Florida state courts in which pro hac vice admission has been sought in the preceding 5 years, and whether such admission was granted or denied;~~

(3) a statement identifying all jurisdictions in which the lawyer has been disciplined in any manner in the preceding 5 years and the sanction imposed, or all jurisdictions in which the lawyer has pending any disciplinary proceeding, including the date of the disciplinary action and the nature of the violation, as appropriate;

(4) a statement identifying the date on which the legal representation at issue commenced and the party or parties represented;

(5) a statement that all applicable provisions of this rule and the applicable provisions of the Florida Rules of Judicial Administration have been read and that the verified motion complies with those rules;

(6) the name, record bar address, and membership status of the Florida Bar member or members associated for purposes of the representation;

(7) a certificate indicating service of the verified motion upon all counsel of record in the matter in which leave to appear pro hac vice is sought and upon The Florida Bar at its Tallahassee office accompanied by a nonrefundable $250 filing fee made payable to The Florida Bar or notice of the waiver of the fee; and

(8) a verification by the lawyer seeking to appear pursuant to this rule or the applicable provisions of the Florida Rules of Judicial Administration and the signature of the Florida Bar member or members associated for purposes of the representationmust comply with all requirements set forth in those rules.

**(d) Nonrefundable Fee.** The pro hac vice motion filed and served on The Florida Bar must be accompanied by a nonrefundable fee made payable to The Florida Bar. The lawyer granted pro hac vice admission before any court in Florida must pay an annual nonrefundable renewal fee each year after the initial filing for each year that lawyer is admitted pro hac vice before any court in Florida. The initial nonrefundable pro hac vice fee, the annual nonrefundable renewal fee, and the date on which the

annual renewal fee must be paid will be set by the bar's executive director as approved by the Board of Governors.  The Florida Bar will provide the Florida Supreme Court with 30 days' notice prior to the effectiveness of any increase in the amount of a nonrefundable fee or of the imposition of any new fee.

## Comment

Subdivision (a)(2) defines and prohibits the general practice before Florida courts by non-Florida lawyers.  For purposes of this rule, an "appearance" means the initial or first appearance by that non-Florida lawyer in a case pending in a Florida court, and includes appearing in person or by telephone in court or filing a pleading, motion, or other document with the court.  A non-Florida lawyer making an appearance in a Florida court is required to comply with ~~rule~~Fla. R. Gen. Prac. & Jud. Admin. 2.510 ~~of the Florida Rules of Judicial Administration~~.

This rule does not prohibit a non-Florida lawyer from participating in more than 3 cases during any 365-day period; instead, it prohibits a non-Florida lawyer from making an initial or first appearance in more than 3 cases during any 365-day period.

*Example:*  The following example illustrates the application of this rule to a non-Florida lawyer's appearances.  Assume for this example that a lawyer licensed to practice in Georgia only has been admitted pro hac vice ~~pursuant to~~under Fla. R. Gen. Prac. & Jud. Admin. 2.510 in 3 separate Florida cases on the following dates: January 10, 2008; February 3, 2008; and February 20, 2008.

(1)  In this example, the lawyer would be prohibited from seeking to appear pro hac vice under Fla. R. Gen. Prac. & Jud. Admin. 2.510 in another separate representation until the expiration of the 365-day period from ~~his or her~~the oldest of the 3 appearances (i.e., until January 10, 2009).

(2)  In this example, the lawyer would be permitted under this rule to seek to appear pro hac vice in a new case on January 10, 2009, even if the 3 cases in which ~~he or she~~that lawyer made an appearance are still active.

- 8 -

(3)  In this example, the lawyer could seek to appear pro hac vice in yet another new case on February 3, 2009.  The fact that the lawyer's cases in which ~~he or she~~that lawyer appeared on January 10, 2008, February 3, 2008, February 20, 2008, and January 1, 2009 are still active would not prohibit that lawyer from seeking to appear in the new case on February 3, 2009, because, as of that date, the lawyer would have only made an initial appearance in 2 prior cases within that preceding 365-day period (i.e., on February 20, 2008 and January 1, 2009).  Thus, under this rule, a non-Florida lawyer could have pending more than 3 cases for which ~~he or she~~that lawyer has appeared at any given time, as the restriction on general practice relates to the making of an initial appearance within a 365-day period and not to whether any ~~such~~ case is still active following the expiration of 365 days.

(4)  Similarly, in the above example, if the non-Florida lawyer's 3 cases are all resolved by April 1, 2008, that lawyer would still be prohibited from seeking to make a new appearance until the expiration of the oldest of the 3 prior appearances (i.e., until January 10, 2009).

~~The purpose of this~~This comment's purpose is to explain what constitutes an "appearance" under this rule and how to calculate the number of appearances in any 365-day period.  This comment and the rule itself do not require a Florida court to grant any specific request to appear under Fla. R. Gen. Prac. & Jud. Admin. 2.510 if the non-Florida lawyer meets the requirements of subdivision (a)(2).  ~~In all such cases, the decision of whether~~Whether a non-Florida lawyer may appear in a case under Fla. R. Gen. Prac. & Jud. Admin. 2.510 is within the discretion of the court.

This rule ~~is not applicable~~does not apply to appearances in federal courts sitting in Florida, as appearances before each of those courts are regulated by the rules applicable to those courts.  Further, an appearance in a federal court sitting in Florida does not constitute an "appearance" as contemplated by subdivision (a)(2), because subdivision (a)(2) applies only to appearances before Florida state courts.

# FLORIDA RULES OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION

## RULE 2.510.   FOREIGN ATTORNEYS

**(a)     Eligibility.** Upon filing a verified motion with the court, an attorney who is an active member in good standing of the bar of another state and currently eligible to practice law in a state other than Florida may be permitted to appear in particular cases in a Florida court upon such conditions as the court may deem appropriate, provided that a member of The Florida Bar in good standing is associated as an attorney of record. The foreign attorney must make application in each court in which a case is filed even if a lower tribunal granted a motion to appear in the same case. In determining whether to permit a foreign attorney to appear pursuant to this rule, the court may consider, among other things, information provided under subdivision (b)(3) concerning discipline in other jurisdictions. No attorney is authorized to appear pursuant to this rule if the attorney (1) is a Florida resident, unless the attorney has an application pending for admission to The Florida Bar and has not previously been denied admission to The Florida Bar; (2) is a member of The Florida Bar but is ineligible to practice law; (3) has previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation permitted pursuant to this rule provided, however, the contempt is final and has not been reversed or abated; (4) has failed to provide notice to The Florida Bar or pay the ~~filing fee as required in subdivision (b)(7)~~<u>fees described in the Rules Regulating The Florida Bar concerning non-Florida lawyers' appearances in a Florida court</u>; or (5) is engaged in a "general practice" before Florida courts. For purposes of this rule, more than 3 appearances within a 365-day period in separate cases shall be presumed to be a "general practice." Appearances at different levels of the court system in the same case shall be deemed 1 appearance for the purposes of determining whether a foreign attorney has made more than 3 appearances within a 365-day period. In cases involving indigent or pro bono clients, the court may waive the ~~filing~~ fee<u>s</u> for good cause

shown. This rule shall not affect the eligibility of a foreign attorney to appear in a Florida court when authorized by federal law.

**(b)** **Contents of Verified Motion.** A form verified motion accompanies this rule and must be utilized by the foreign attorney. Within 10 days of discovering any information which is different than the representations made in the verified motion, the foreign attorney must supplement the motion with the new information. The supplemental information must be filed with the court and The Florida Bar. The obligation to supplement the motion exists until the motion is denied or the foreign attorney is no longer counsel in the case. The verified motion required by subdivision (a) must include:

(1)-(6) [No change]

(7) a certificate indicating service of the verified motion upon The Florida Bar and all counsel of record in the matter in which leave to appear pro hac vice is sought and ~~upon~~payment of the fees described in the Rules Regulating The Florida Bar ~~at its Tallahassee office accompanied by a nonrefundable $250.00 filing fee made payable to The~~ concerning non-Florida ~~Bar~~lawyer appearances in a Florida court or notice that the movant has requested a judicial waiver of said fee_s_; and

(8) a verification by the attorney seeking to appear pursuant to this rule and the signature of the Florida Bar member or members associated for purposes of the representation.

IN THE _____ COURT OF THE _____ JUDICIAL CIRCUIT, IN AND FOR _____, COUNTY, FLORIDA

_____
                Plaintiff

                                                    Case No. ..........
v.                                                  Division ..........

_____
                Defendant

**VERIFIED MOTION FOR ADMISSION TO APPEAR PRO HAC VICEPURSUANT TO FLORIDA RULE OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.510**

Comes now _____,
Movant herein, and respectfully represents the following:

    1.    [ ] Movant resides in _____, _____
                                        (City)                 (State)

Movant is not a resident of the State of Florida.

    [ ] Movant is a resident of the State of Florida and has an application pending for admission to The Florida Bar and has not previously been denied admission to The Florida Bar.

    2.    Movant is an attorney and a member of the law firm of (or practices law under the name of) _____,
with offices at _____, _____,
                (Street Address)             (City)

_____, _____, _____, _____,
(County)       (State)      (Zip Code)     (Telephone)

    3.    Movant has been retained personally or as a member of the above-named law firm on _____
                                  (Date Representation Commenced)
by _____
    (Name of Party or Parties)

to provide legal representation in connection with the above-styled matter now pending before the above-named court of the State of Florida.

    4.    Movant is an active member in good standing and currently eligible to practice law in the following jurisdiction(s): Include attorney or bar number(s).
(Attach an additional sheet if necessary.)

| JURISDICTION | ATTORNEY/BAR NUMBER |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

5.     A judicial officer or the entity responsible for attorney regulation has neither initiated disciplinary, suspension, disbarment or contempt proceedings or disciplined, suspended, disbarred or held Movant in contempt in the preceding 5 years, except as provided below (give jurisdiction of proceeding, date upon which proceeding was initiated, nature of alleged violation, statement of whether the proceeding has concluded or is still pending, and sanction, if any, imposed): (Attach an additional sheet if necessary.)

_____

_____

_____

_____

_____

6.     Movant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate Movant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.

7.     Movant is not an inactive member of The Florida Bar.

8.     Movant is not now a member of The Florida Bar.

9.     Movant is not a suspended member of The Florida Bar.

10.     Movant is not a disbarred member of The Florida Bar nor has Movant received a disciplinary resignation or disciplinary revocation from The Florida Bar.

11.     Movant has not previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation pursuant to Florida Rule of General Practice and

Judicial Administration 2.510, except as provided below (give date of disciplinary action or contempt, reasons therefor, and court imposing contempt): (Attach an additional sheet if necessary.)

_____

_____

_____

_____

12. Movant has filed motion(s) to appear as counsel in Florida state courts during the past five (5) years in the following matters: (Attach an additional sheet if necessary.)

Date of Motion  Case Name  Case Number  Court  Date Motion Granted/Denied

_____

_____

_____

_____

13. Local counsel of record associated with Movant in this matter is _____,
(Name and Florida Bar Number)

who is an active member in good standing of The Florida Bar and has offices at _____, _____, _____,
(Street Address)   (City)                (County)

_____, _____ _____.
(State)              (Zip Code)        (Telephone with area code)

(If local counsel is not an active member of The Florida Bar in good standing, please provide information as to local counsel's membership status._____)

14. Movant has read the applicable provisions of Florida Rule of General Practice and Judicial Administration 2.510 and Rule 1-3.10 of the Rules Regulating The Florida Bar and certifies that this verified motion complies with those rules.

15.   Movant agrees to comply with the provisions of the Florida Rules of Professional Conduct and consents to the jurisdiction of the courts and the Bar of the State of Florida.

WHEREFORE, Movant respectfully requests permission to appear in this court for this cause only.

DATED this _____ day of _____, 20____.

_____
Movant

_____
Address

_____
Address

_____
City, State, Zip Code

_____
Telephone Number

_____
E-mail Address

STATE OF _____

COUNTY OF _____

I, _____, do hereby swear or affirm under penalty of perjury that I am the Movant in the above-styled matter; that I have read the foregoing Motion and know the contents thereof, and the contents are true of my own knowledge and belief.

_____
Movant

I hereby consent to be associated as local counsel of record in this cause pursuant to Florida Rule of General Practice and Judicial Administration 2.510.

DATED this _____ day of _____, 20____.

                                                          _____

                                                          Local Counsel of Record

                                                          _____

                                                          Address

                                                          _____

                                                          Address

                                                          _____

                                                          City, State, Zip Code

                                                          _____

                                                          Telephone Number

                                                          _____

                                                          Florida Bar Number

                                                          _____

                                                          E-mail Address

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY that a true and correct copy of the foregoing motion was served by mail to PHV Admissions, The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2333** ~~accompanied by payment of the $250.00 filing fee made payable to The Florida Bar, or notice that the movant has requested a judicial waiver of said fee;~~ **and by (e-mail) (delivery) (mail) (fax) to (name of attorney or party if not represented)<u>, and that the movant has paid the fees described in the Rules Regulating The Florida Bar concerning non-Florida lawyer appearances in a Florida court or has notified The Florida Bar of movant's request for a judicial waiver of said fees.</u>**

_____

_____

_____

this _____ day of _____, 20____.

                                                          _____

                                                          Movant